# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

JESSE REDFEARN,
                          Petitioner,

vs.                                                      Case Number: CIV-21-999-J

SCOTT CROW, Director
                          Respondent.

## OBJECTION TO
## REPORT AND RECOMMENDATION

COMES NOW Jesse Redfearn, by and through his attorney of record, John M. Dunn, and respectfully offers this *Objection to Report and Recommendation* (Dkt #15), pursuant to 28 USC § 636 and Fed. R. Civ. P. 72. In support hereof, Mr. Redfearn shows the Court as follows:

## INTRODUCTION

The Petitioner in this matter is seeking relief from incarceration resulting from repeated findings of the state courts that are (1) contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." The Petitioner concedes that the magistrate judge in this matter has accurately stated the law concerning the proper standard for review in this matter. However, the Petitioner respectfully disagrees with the report and recommendation of that judge.

The Petitioner will not again recite the facts of the underlying case as they have been adequately described in the previous pleadings. However in summary, the Petitioner was charged and convicted one count of kidnapping and one count of first-degree rape. While the alleged victim was able to appear for trial while the complaining witness appeared and testified at preliminary hearing, she did not appear for trial. Originally, she was subpoenaed to appear and did not do so resulting in a continuance. Despite continuing contact between herself and the State of Oklahoma, she was never

subpoenaed to appear at the second trial and was voluntarily absent. The State then had the witness declared "unavailable" and read her preliminary hearing transcript to the jury. The Petitioner continues to assert that while there is ample evidence to convict him of the kidnapping, there is simply no evidence that supports all of the elements of the crime of first-degree rape. It is for these reasons that the Petitioner objects to the Report and Recommendation of the Magistrate Judge.

### ARGUMENT AND AUTHORITY

**Proposition One: The Magistrate Judge erred in finding that the Petitioner's rights under the Confrontation Clause has not been violated.**

In the magistrate's report and recommendation, a number of facts have been determined that are relevant for the Court's consideration. First, the magistrate determined that the trial court declared T. A. "unavailable" testify based upon her unwillingness to do so. (Dkt 15 at 8) It is conceded that the State first informed the trial judge, contrary to their assertion the day before, T. A. had not been served with a subpoena since July 15, 2019. (Dkt 15 at 12) Therefore, it is fair to conclude that T.A. was not invited to attend and was under no obligation to attend trial. Based upon these facts, the magistrate judge concluded that the Oklahoma Court of Criminal Appeals decision that T. A. was "unavailable" pursuant to 12 O.S. § 2804 was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law nor was it based upon a number unreasonable determinations of fact in light of the evidence presented in the state court proceeding. The Petitioner respectfully objects to this finding.

A.  Analysis

The State relies on *Ross v. District Attorney* for the proposition that the witness need not be under threat of sanctions to be unavailable. However, that case is distinguishable because in that case, the witness appeared in court and indicated their refusal to testify on the record and was subject to cross examination on that matter. *Ross v. DA of Allegheny*, 672 F.3d 198, 202 (3d Cir. 2012). Here,

the facts, as determined by the magistrate judge are that T.A. was absent by her own choice. That is different than a witness that has "disappeared" or "could not be located with due diligence". The fact remains that telling the witness that they have the "option" to testify does not render them unavailable.

The State then moves on to argue the futility of serving a subpoena because the witness is "fearful" of the Defendant (as in *Hardy*), which is simply not supported by any fact here. Rather, the part of the transcript referenced by the State would merely lead to the conclusion that the witness "just didn't want to face him again…." (Ex. 14 at P. 254) That statement should be linked to Detective Eagan's statement that the witness had the "option" to testify and that whether she did or not was her "choice". The desire not to do something that a person "just doesn't want to do" versus acting out of fear of violence or retaliation (as in *Hardy* or *Ross*) are two different things.

As discussed in the Petitioner's opening brief, the United States Supreme Court has long held that "…the Sixth Amendment's right of an accused to confront the witnesses against him is likewise a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 1068 (1965). Contrary to the assertion that this would be harmless error and that the weight of the evidence would still support a conviction, the United States Supreme Court has explained that the focus of **the prejudice inquiry is on the particular witness at issue, not the outcome of the entire trial.** *Delaware v. Van Arsdall,* 475 U.S. 673, 680, 106 S. Ct. 1431, 1432 (1986) (Emphasis Added). The evil to be guarded against here is not simply the deprivation of the Defendant to cross-examine, but also the opportunity for the jury to observe the witness as they give their testimony. The United States Supreme Court has recognized this fact in *Maryland v. Craig*.

> The primary object of the constitutional provision in question was to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination

of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."

*Maryland v. Craig* , 497 U.S. 836, 845, 110 S. Ct. 3157, 3163 (1990)

The fact that the witness apparently exercised her "option" and "chose" not to appear in Court or testify does not render her unavailable for purposes of 12 O.S. § 2804 and to determine otherwise would be an unreasonable determination of facts in light of the evidence presented in State Court which would independently provide a basis for relief. The denial of the opportunity to cross-examine the witness without proper reason has both deprived the Petitioner of the right to confront the witness and the jury the right to determine her credibility. That decision was contrary to clearly established Federal law as determined by the United States Supreme Court and would also provide a basis for relief.

**Proposition Two: The Magistrate Judge erred in determining Redfearn's Right to Due Process, as guaranteed by the Fifth and Fourteenth Amendments was not because there was evidence to support the evidence to support all of the elements of First Degree Rape.**

There is little doubt that whoever was responsible for placing T.A. in the condition in which she was found did a vile thing. However, our system of justice does not mete out punishment based only upon the nature of the crime – it is meted out based first upon the presentation of evidence that proves beyond a reasonable doubt that the accused committed each element of the crime with which he has been charged. In this case, there is simply no evidence to show that T.A. had sex, had nonconsensual sex, or that the nonconsensual sex was with Redfearn. It is not denied that the Petitioner was involved in the abduction of T. A. This fact has been all but conceded. The evidence presented to the trial court shows that the Petitioner's DNA was on numerous articles of clothing that T. A. was wearing at the time she was discovered by police, along with the items that were found in his apartment that have been linked to T. A., Would tend to support the idea that the Petitioner was

involved in her abduction and may have even been involved in some of the other activities that she describes. The magistrate judge concedes that T. A. stated at various times that she did not think she was right and that she did not remember being raped. The magistrate then embarks on a presumption that the record does not contain any direct evidence tying petitioner to the rape. (Dkt a15 at 18) It is then conceded that the police and the prosecution relied on circumstantial evidence to support the charge. This occurs despite the fact that the testimony offered to the jury shows that any DNA that was recovered from the vegetable area or body of T. A. yielded no information about a second contributor or insufficient information to test for DNA. (Dkt 15 at 24) However, the critical element that is missing is nonconsensual sex - and more specifically nonconsensual sex with the Petitioner. The elements of First-Degree Rape cannot be satisfied and therefore, Redfearn is entitled to relief on this basis.

A.    Analysis

While it is undisputed that there is sufficient DNA evidence to support finding the Petitioner guilty of the crime of kidnapping, the critical element of nonconsensual sex with the Petitioner remains unsatisfied.

In order to be convicted of Rape in the First-Degree, the jury was required to determine beyond a reasonable doubt every element of the offense of rape in the first degree:

1. Sexual intercourse;

2. With a person who was not the spouse of the defendant;

3. Where force or violence was used against the victim or where force or violence was threatened against the victim and the defendant had the apparent power to carry out the threat of force or violence.

(O.R. 285)

The DNA would allow a jury to conclude that Petitioner was involved in a kidnapping as his DNA was on the belt, mask and bandannas. However, his DNA was not found on the anal, vaginal, or external genitalia swabs. While it is true that the SANE nurse testified that she observed blunt force

5

trauma that could have been caused by a penis, and that the tear that she observed was "rarely seen outside the SANE room." The problem with this statement is there is no evidence that the SANE nurse is conducting examinations of women that have had sex but are not claiming or suspected to have been raped. While his statements in recorded phone calls may be contrary to what he told the police, they do not give rise to the presumption of sex, let alone rape. T.A. herself could not say that she had sex, and denied that she had been raped. (It is certainly fair to assume that she would know the definition of that word.)

A mere "modicum" of evidence cannot "by itself rationally support a conviction beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S. Ct. 2781, 2789 (1979). Yet, it appears the magistrate judge ignored the testimony and statements of T. A. and relied exclusively on the circumstantial evidence that is admittedly developed by the police when T. A. does not state that she has been the victim of the crime of rape. In recommending the denial of Petitioner's Writ of Habeas Corpus, the magistrate judge has joined the state appellate court in making an unreasonable determination of fact that cannot be ignored. Further, allowing a conviction to stand when there are demonstrably missing elements is contrary to clearly established federal law as determined by the United States Supreme Court. The Petitioner is therefore entitled to relief.

## **CONCLUSION**

Redfearn is before the Court objecting to the report and recommendation made by the magistrate judge for the reasons stated above. The Petitioner continues to assert that he is entitled to that relief as a result of both the trial court's and the state appeals court's unreasonable determination of the facts in light of the evidence presented at trial or their unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. These errors have resulted in Redfearn being wrongfully incarcerated for the crime of first-degree rape. Redfearn is

entitled to a Writ of Habeas Corpus and therefore objects to the magistrate judge's recommendation that his Writ be denied.

Respectfully Submitted,

_____
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK 74119
Telephone: (918) 526-8000
Facsimile: (918) 359-5050
Attorney for the Petitioner

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8. 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and a Notice of Electronic Filing to the following ECF registrant(s):

CAROLINE E.J. HUNT, O.B.A. #32635
ASSISTANT ATTORNEY GENERAL
313 N.E. 21st Street
Oklahoma City, OK 73105

s/ John M. Dunn