## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSE DEAN REDFEARN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-999-J |
| | ) | |
| SCOTT CROW, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Petitioner, Jesse Dean Redfearn, a state prisoner, filed a Petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction.  [Doc. No. 1]; Brief in Support of Petition for Writ of Habeas Corpus (Petr.'s Br.) [Doc. No. 2].  The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C).  Judge Purcell issued a Report and Recommendation recommending that the Petition be denied (Rep. & Rec.) [Doc. No. 15] and Petitioner has objected (Petr.'s Obj.) [Doc. No. 16], triggering de novo review.

### I.   <u>Background</u>

Petitioner was convicted of First Degree Rape and Kidnapping.  Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA) raising multiple issues, including those raised here. The OCCA affirmed Petitioner's convictions and Petitioner then filed the instant action.

Petitioner objects to Judge Purcell's Report and Recommendation on the grounds that his rights under the Confrontation Clause have been violated, as well as his right to due process.  With respect to all of Petitioner's objections raised before this Court, the OCCA adjudicated Petitioner's claims on the merits.  Thus under the deferential standard set forth in the Antiterrorism and Effective Death Penalty Act, the Court may grant habeas relief only if the OCCA's adjudication

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Additionally, "a state court's factual findings are presumed correct, and the petitioner bears the burden of rebutting that presumption by 'clear and convincing evidence.'" *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) (citing 28 U.S.C. § 2254(e)(1)).

## II.   Petitioner's Objections Related to the Confrontation Clause

The Sixth Amendment's Confrontation Clause, made applicable to the states through the Fourteenth Amendment, provides the accused the right to be confronted with witnesses against him. The Clause prohibits the admission of testimonial hearsay against a defendant unless (1) the declarant is "unavailable" at trial and (2) the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Petitioner asserts his rights were violated when the trial court determined Petitioner's victim, T.A., was unavailable to testify at his trial, and permitted the transcript of her preliminary hearing testimony to be entered into evidence.

### A.   Unavailability

The clearly established Supreme Court law for unavailability is that "[a] witness is not 'unavailable' for purposes of the . . . exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain [her] presence at trial." *Ohio v. Roberts*, 448 U.S. 56, 74 (1980) (internal quotation marks and emphasis omitted). "The lengths to which the prosecution must go to produce a witness is a question of reasonableness." *Id*. (internal quotation marks and ellipses omitted). "The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness." *Id*. Applying this law, the OCCA found "more than adequate [evidentiary] support" for the trial

2

court's findings "regarding the victim's unavailability and the State's due diligence" in "its attempts to locate the victim prior to and during trial."  OCCA Summary Opinion (OCCA Op.) [Doc. No. 10-1] at 6.  The OCCA concluded that the trial court's ruling that the victim was unavailable "was not an abuse of discretion and did not violate [Petitioner's] constitutional right to confrontation."  *Id.*

To prevail on his objections, Petitioner must establish that the OCCA unreasonably applied clearly established Supreme Court law when it concluded the State engaged in good-faith diligence in its efforts to produce T.A. at trial or that the OCCA's finding that T.A. was unavailable was an unreasonable determination of the facts.  Petitioner has not established either.

Petitioner's primary objection is that "T.A. was absent by her own choice."  Petr.'s Obj. at 3.  Be that as it may, the OCCA determined that T.A. was unavailable when she did not appear at trial.  OCCA Op. at 3-6; Rep. & Rec. at 10-16 (recounting evidence presented to the OCCA regarding T.A.'s non-attendance at trial and OCCA's determination of unavailability).   And Petitioner has not established that this was an unreasonable determination of the facts.  *See* Petr.'s Obj. at 2-4; Petitioner's Reply (Petr.'s Rep.) [Doc. No. 14] at 2-6; Petr.'s Br. at 3-14, 16-20.

As to whether the State made a good-faith effort to produce T.A. at trial, which is a question of reasonableness, the OCCA determined the State's efforts were sufficient to meet the requirement of good faith.  OCCA Op. at 3-6; Rep. & Rec. at 10-16 (recounting evidence presented to the OCCA regarding the State's efforts and the OCCA's determination of sufficiency); *see also* *Roberts*, 448 U.S. at 74 (holding prosecution must make a good faith effort to obtain the witness). And Petitioner has not established the OCCA's determination was unreasonable.  *See* Petr.'s Obj. at 2-4; Petr.'s Rep. at 2-6; Petr.'s Br. at 4-14, 16-20.  As such, the Court adopts Judge Purcell's

Report and Recommendation regarding the OCCA's finding that T.A. was unavailable and its determination regarding the State's efforts to produce her for trial.

### B.      Prior Opportunity to Cross-Examine

To the extent Petitioner asserts a violation of the Confrontation Clause due to a lack of opportunity to cross-examine T.A., *see* Petr.'s Obj. at 3-4, the OCCA determined Petitioner's counsel had been given sufficient opportunity to cross-examine T.A. at the preliminary hearing. OCCA Op. at 6-9; Rep. & Rec. at 4-6, 11-14, 16-17 (recounting evidence presented to the OCCA regarding the preliminary hearing and the trial court's admission of the transcript into evidence); *see also Crawford*, 541 U.S. at 59 (discussing the requirement for unavailable witnesses that "the defendant has had a prior opportunity to cross-examine"). Petitioner has not established the OCCA unreasonably applied clearly established Supreme Court law when it made such determination and concluded the preliminary hearing transcript was properly entered into evidence, or that such determination was an unreasonable determination of the facts. *See* Petr.'s Obj. at 3-4; Petr.'s Rep. at 2-6; Petr.'s Br. at 4-14. As such, the Court adopts Judge Purcell's Report and Recommendation regarding the OCCA's determination that the preliminary hearing transcript was properly entered into evidence.

### III.    Petitioner's Objections Related to Due Process and the Sufficiency of the Evidence

Petitioner next asserts his right to due process under the Fifth and Fourteenth Amendments was violated because there was insufficient evidence to satisfy the elements of First Degree Rape. In considering a challenge to the sufficiency of the evidence relied upon for a state court conviction, the Supreme Court has established "the minimum amount of evidence that the Due Process Clause requires to prove the offense." *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). Specifically, under *Jackson v. Virginia*, 443 U.S. 307 (1979), "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *see also id.* at 324.

The OCCA reviewed Petitioner's claims regarding the circumstantial evidence relied upon at trial, as well as the sufficiency of such evidence to satisfy the elements of the crime of First Degree Rape. OCCA Op. at 14-15; Rep. & Rec. at 17-30 (recounting evidence presented to the OCCA regarding the circumstantial evidence supporting the First Degree Rape charge). Applying the relevant standard, the OCCA determined the circumstantial evidence supporting the charge was "extremely strong" and the "evidence presented at trial was sufficient to prove each of [the required] elements beyond a reasonable doubt." OCCA Op. at 14-15. Petitioner has not established the OCCA unreasonably applied clearly established Supreme Court law when it made these determinations, or that such determinations were unreasonable determinations of the facts. *See* Petr.'s Obj. at 4-6; Petr.'s Rep. at 6-9; Petr.'s Br. at 14-16. As such, the Court adopts Judge Purcell's Report and Recommendation regarding the OCCA's decision regarding the sufficiency of the evidence supporting the rape charge.

## IV.   <u>Conclusion</u>

Having carefully reviewed the Petition and Brief in Support, record, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Purcell's thorough and well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 15] and DENIES Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1]. Additionally, the Court DENIES a certificate of appealability as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Judgment will enter separately.

IT IS SO ORDERED this 23rd day of March, 2022.


BERNARD M. JONES
UNITED STATES DISTRICT JUDGE